KM

WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Haider Abdullah, | No.  CV-25-01932-PHX-JAT (ASB) |
| Plaintiff, | |
| v. | **ORDER** |
| United States of America, et al., | |
| Defendants. | |

Self-represented Plaintiff Haider Abdullah, who is confined in the Red Rock Correctional Center, filed a "Notice of Claim." In a September 4, 2025 Order, the Court dismissed the "Notice of Claim" and gave Plaintiff 30 days to file an Amended Complaint and either pay the filing and administrative fees or file an Application to Proceed In Forma Pauperis. On September 11 and October 14, 2025, Plaintiff filed Applications to Proceed In Forma Pauperis (Docs. 6, 10). On September 22, 2025, he filed an Amended Complaint (Doc. 8). The Court will grant the September 11 Application to Proceed, deny as moot the October 14 Application to Proceed, and dismiss the Amended Complaint and this action.

**I.      Applications to Proceed In Forma Pauperis and Filing Fee**

The Court will grant Plaintiff's September 11 Application to Proceed In Forma Pauperis. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $10.64. The remainder of the fee will be collected monthly in payments of 20% of the previous month's

income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula. The Court will deny as moot the October 14 Application to Proceed.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe [self-represented litigant's] filings liberally." *Hebbe v. Pliler*,

627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a self-represented prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines a pleading could be cured by the allegation of other facts, a self-represented litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). Plaintiff's Complaint will be dismissed for failure to state a claim, without leave to amend because the defects cannot be corrected.

**III.  Amended Complaint**

In his three-count Amended Complaint, Plaintiff sues the United States of America, the Arizona State Bar Association, Hastings & Hastings Law Firm, and private attorney Wayne Howell. Plaintiff seeks monetary damages.

In each of his three claims for relief, Plaintiff alleges he signed a contract with Defendant Hastings & Hastings for representation relating to a 2008 car accident in which he was involved. Plaintiff was represented by Defendant Howell, an attorney working for Hastings & Hastings. In 2009, the parties reached a settlement for $50,000. The contract stipulated Defendant Howell would receive 25% of the settlement and Plaintiff would receive $37,500. Plaintiff was told he could receive the check by mail or pick it up; Plaintiff chose to pick up the check. However, Plaintiff was unable to do so because he was arrested and has been incarcerated for the last 16 years. Plaintiff claims that "to this day, Hastings & Hastings has refused to pay [him] the $37,500 from the claim settlement and honor the agreement, which [Plaintiff] signed accepting the settlement offer." Plaintiff contends he was "in segregation, with no contact information or phone calls or any mail like [he] was in a cave with no access over many years." Plaintiff claims he filed a complaint about Defendant Howell with Defendants Hastings & Hastings, but never received a response. Plaintiff filed a bar complaint against Hastings & Hastings "and again never got a response." Plaintiff "feel[s] this is a violation of [his] constitutional rights on the 4th and the 14th amendment[s]."

### IV. Jurisdiction

Federal courts have limited jurisdiction, and limitations on the court's jurisdiction must neither be disregarded nor evaded. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). The Court is obligated to determine sua sponte whether it has subject matter jurisdiction. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). *See also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The party asserting jurisdiction bears the burden of proving its existence. *See Cook v. AVI Casino Enters., Inc.*, 548 F.3d 718, 722 (9th Cir. 2008). Plaintiff has failed to establish a jurisdiction basis for his claim.

In general, federal district courts have original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States" and over civil actions where the amount in controversy exceeds $75,000 and the action is between "citizens of different States." *See* 28 U.S.C. §§ 1331, 1332(a)(1).

Although Plaintiff makes the conclusory allegation that Defendants' conduct violated his Fourth and Fourteenth Amendment rights, Plaintiff alleges no facts in support of this claim. Plaintiff has alleged he entered a contract with a private law firm and the law firm or his private attorney failed to honor the terms of the contract. This is purely private conduct not subject to the Constitution, which limits *governmental* action.[1] *See e.g., Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 808 (2019) (private entity not ordinarily constrained by the First Amendment). Similarly, Plaintiff offers no facts supporting a diversity of citizenship claim. The Court will dismiss the Complaint and this action for lack of jurisdiction.

. . . .

---

[1] Plaintiff has named the United States of America as a Defendant but makes no claims against it. Moreover, sovereign immunity prevents actions against the United States, its agencies, or its employees in their official capacities. *Arnsberg v. United States*, 757 F.2d 971, 980 (9th Cir. 1985); *Holloman v. Watt*, 708 F.2d 1399, 1401-02 (9th Cir. 1983). Similarly, "as an arm of a state's supreme court connected to disciplinary proceedings, a state's bar association 'is an integral part of the judicial process' and is therefore entitled to the same immunity which is afforded to prosecuting attorneys in that state." *Strojnick v. State Bar of Ariz.*, 446 F. Supp. 3d 566, 576 (D. Ariz. Mar. 17, 2020), *quoting Clark v. Wash.*, 366 F.2d 678, 681 (9th Cir. 1966).

## V. Dismissal Without Leave to Amend

Federal Rule of Civil Procedure 15(a) provides that leave to amend should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a). "The court considers five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (citing *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)). Although a pro se plaintiff is generally entitled to notice of the deficiencies of his claims and an opportunity to amend, *see Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012), the Ninth Circuit in *Corinthian Colleges* explained that leave to amend is not warranted unless the deficiencies "can be cured with additional allegations that are 'consistent with the challenged pleading' and that do not contradict the allegations in the original complaint," 655 F.3d at 955 (quoting *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296–97 (9th Cir. 1990)). *See also Lopez*, 203 F.3d at 1130 (leave to amend should be granted unless a pleading "could not possibly be cured by the allegation of other facts").

Here, the deficiencies in the Complaint "could not possibly be cured by the allegation of other facts" that are consistent with and do not contradict the Complaint. Because Plaintiff has only raised claims over which this Court lacks jurisdiction, the Court finds leave to amend would be futile. Therefore, the Court, in its discretion, will dismiss the Complaint without leave to amend.

Plaintiff should note that nothing in this federal court order prevents Plaintiff from pursuing his claims in *state* court.

**IT IS ORDERED:**

(1) Plaintiff's September 11, 2025 Application to Proceed In Forma Pauperis (Doc. 6) is **granted**.

(2) Plaintiff's October 14, 2025 Application to Proceed In Forma Pauperis (Doc. 10) is **denied as moot**.

(3)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $10.64.

(4)     The Amended Complaint (Doc. 8) is **dismissed** for lack of jurisdiction and the Clerk of Court must enter judgment accordingly.

(5)     The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and finds Plaintiff may appeal in forma pauperis.

Dated this 19th day of February, 2026.

_____
James A. Teilborg
Senior United States District Judge